60 F.3d 823
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Filton MAYRANT, Plaintiff--Appellant,
v.
SUMTER COUNTY SHERIFF'S DEPARTMENT; South Carolina Drug
Enforcement Agency; Sumter County Solicitor Office;
Anthony Dennis; Tommy R. Mims; Elizabeth Horne; Freddie
Bradshaw, Defendants--Appellees,
and
SUMTER COUNTY PUBLIC DEFENDER OFFICE; Sumter County Bar;
Arthur H. Wilder; John P. Ford, Defendants.
 No. 94-7329.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 22, 1995.
Decided July 10, 1995.
 
 Filton Mayrant, appellant pro se. George Coggin James, Sr., Richardson, James & Player, Sumter, SC; Terri Hearn Bailey, Office of the United States Attorney, Columbia, SC, for appellees.
 D.S.C.
 AFFIRMED AS MODIFIED.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint.* We have reviewed the record and the district court's opinion accepting the magistrate judge's recommendation, and find no reversible error. Accordingly, we affirm the dismissal of his Sec. 1983 claims on the reasoning of the district court. Mayrant v. Sumter County Sheriff's Dep't., No. CA-93-3341-3-OAJ (D.S.C. Oct. 20, 1994). To the extent that Appellant may have raised habeas claims, we modify the dismissal to reflect that it is without prejudice to any future habeas petition upon proof of exhaustion of state remedies. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 *
 We note that with regard to the January 20, 1994, dismissal of Defendants Wilder, Ford, the Sumter County Public Defender's Office, and the Sumter County Bar, Appellant has waived relief by failing to object to the magistrate judge's report and recommendation despite being warned of the consequences of such a failure. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir.1985)